IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| D5 Ironworks, Inc., et al., <br>     Plaintiffs, <br> <br> v. <br> <br> Local 395 Ironworkers, AFL-CIO, <br> Thomas Williamson, Sr., Thomas <br> Williamson, Jr., et al., <br>     Defendants. | Case No: 16 C 2163 <br> <br> Judge Ronald A. Guzmán |

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court grants Local 395 Ironworkers' motion to dismiss or transfer [9]. The Court orders the case transferred to the United States District Court for the Northern District of Indiana.

## STATEMENT

Plaintiffs have filed a twenty-count complaint against Defendants regarding a physical altercation that occurred in January 2016 at a construction site in Dyer, Indiana. Specifically, Plaintiffs allege that members of Defendant Local 395 Ironworkers, AFL-CIO physically attacked them after Plaintiffs rejected Local 395's efforts to enter into a labor agreement with plaintiff D5 Ironworks, Inc. Count I alleges that Defendants engaged in unfair labor practices in violation of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §§ 187(a) and (b). The remaining counts, brought pursuant to the Court's supplemental jurisdiction, allege various state law claims including interference with prospective economic advantage, assault, battery, intentional infliction of emotional distress, failure to supervise, intentional interference with right to pursue a lawful occupation, intentional interference with right to work nonunion under the Indiana Code, 22 Ind. Stat. § 22-6-6-8, and civil conspiracy.

Local 395 moves to dismiss or, in the alternative, transfer for improper venue. Plaintiff alleges that venue is proper in the Northern District of Illinois under the general venue statute, 28 U.S.C. § 1391, which provides that:

> Except as otherwise provided by law--
>
> > **(1)** this section shall govern the venue of all civil actions brought in district courts of the United States; and
> > **(2)** the proper venue for a civil action shall be determined without regard to whether the action is local or transitory in nature.

28 U.S.C. § 1391(a). Further, "a civil action may be brought in--

> **(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> **(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> **(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

28 U.S.C. § 1391(b). "In deciding a motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3), all allegations are taken as true, unless contradicted by the defendant's affidavits and the court may consider facts outside the pleadings." *Allstate Life Ins. Co. v. Stanley W. Burns, Inc*., 80 F. Supp. 3d 870, 875 (N.D. Ill. 2015). "When a defendant challenges venue, the plaintiff bears the burden of establishing proper venue." *Id*.

As alleged by Plaintiffs, a substantial part, indeed all, of the events took place in Indiana. Therefore, under § 1391(b)(2), venue is appropriate in the Northern District of Indiana. Under § 1392 (b)(1) also, the Northern District of Indiana is a proper venue. As alleged by Plaintiffs, defendants Williamson, Sr. and Williamson, Jr. are residents of Indiana. (Compl., Dkt. # 1, ¶¶ 12-13.) As for Local 395, pursuant to the general venue statute:

> an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question.

28 U.S.C. § 1391(c)(2). Local 395 is also a resident of Indiana given the attestations in an affidavit from the business manager of Local 395, Ron Ware, which state that: (1) Local 395's principal place of business is Portage, Indiana; (2) Local 395's westernmost jurisdiction stops at the Illinois state line; (3) none of the collective bargaining agreements Local 395 has with its signatory contractors covers work which occurs in Illinois; (4) Local 395 does not represent or act on behalf of employees in Illinois; (5) Ware has never directed Local 395's business agents to enter Illinois on its behalf; (6) neither Local 395 nor Ware are members of the Chicago & Cook County Building and Construction Trades Council; and (7) Local 395 has no work jurisdiction in Chicago or Cook County, Illinois. (Ware Decl., Reply, Ex. B, Dkt. # 37-2.) Therefore, because all Defendants are residents of Indiana, and Local 395 resides in Portage, Indiana, then venue is proper in the Northern District of Indiana.

It is true, however, that Local 395 has also admitted to being a resident of Illinois. In a response to a motion for expedited discovery in this case, it stated that it is an unincorporated association, which has one member that resides within the Northern District of Illinois, and thus "[t]his Court has personal jurisdiction over Union Defendant in the Northern District of Illinois." (Local 395's Opp'n Pl.'s Mot. Expedited Discovery, Dkt. # 13, at 2 ¶ 3.) However, under § 1391(b)(1), because the Williamsons are also not residents of Illinois, then venue is not proper in this district.

Accordingly, under the general venue statute, venue is improper in this district, and Local 395's motion to transfer or dismiss is granted.

However, if the venue provision of the LMRA applies, an issue which the parties do not agree on, venue is arguably proper here. *See Wahba v. Kellogg Co.*, No. 12 C 6975, 2013 WL 1611346, at *2 (N.D. Ill. Apr. 12, 2013) ("[W]hen a single case involves claims that are subject to the general venue statute, and other claims arising from the same core facts that are subject to a specific venue statute, the specific venue statute controls and applies to all of the claims in the case.").

The text of 29 U.S.C. § 185(c) states that:

> district courts shall be deemed to have jurisdiction of a labor organization (1) in the district in which such organization maintains its principal office, or (2) in any district in which its duly authorized officers or agents are engaged in representing or acting for employee members.

29 U.S.C. § 185(c). Defendants argue that this section addresses jurisdiction, not venue. But many courts have held that while § 185(c) uses the term "jurisdiction," it is actually a venue provision. *Gilreath v. Plumbers, Pipefitters & Serv. Technicians Local 502*, No. 1:09-CV-628, 2010 WL 6429570, at *3 (S.D. Ohio Sept. 2, 2010), report and recommendation adopted, No. 1:09-CV-628, 2011 WL 1311875 (S.D. Ohio Apr. 1, 2011) ("In the statute, 29 U.S.C. § 185(c) is labeled 'jurisdiction,' while 29 U.S.C. § 185(a) is labeled 'venue.' However, courts agree that despite their labels, § 185(c) is in fact the venue provision while § 185(a) defines the bounds of jurisdiction.") (citations and internal quotation marks omitted). *Reed v. Int'l Union of United Auto., Aerospace & Agr. Implement Workers of Am.*, 945 F.2d 198, 201 n.3 (7th Cir. 1991) ("Despite its terms, the section has been held to deal with venue and not with jurisdiction.").

As noted above, Local 395 admitted in a previous filing that it has one member that resides within the Northern District of Illinois. This admission appears to contradict Ware's declaration that Local 395 does not represent or act on behalf of employees in Illinois. When deciding a motion to dismiss for improper venue, "[f]actual conflicts are resolved in the plaintiff's favor, and the court may draw reasonable inferences from those facts." *Johnson v. Creighton Univ.*, 114 F. Supp. 3d 688, 696 (N.D. Ill. 2015). Accordingly, resolving this conflict in Plaintiffs' favor, with the inference being that Local 395's officers or agents are engaged in representing or acting for employee members in Illinois, the Court finds that venue is proper in this district under the venue provision of the LMRA. Thus, under the LMRA venue provision, the Court denies Local 395's motion to dismiss or, in the alternative transfer, for improper venue.

Nevertheless, the Court concludes that transfer of the case to the Northern District of Indiana is appropriate and grants Plaintiff's request in that respect. As an initial matter, to the extent that an issue exists as to which venue provision is applicable in the instant case and whether this Court has personal jurisdiction over the two individual defendants, Williamson, Sr. and Williamson, Jr., the Court can obviate concerns "by transferring this lawsuit to a venue which was more materially related to the underlying dispute and which did not have any jurisdictional flaws." *C.H. Robinson Worldwide, Inc. v. Nat'l Products Corp.*, No. 01 C 6348, 2002 WL 99735, at *2 (N.D. Ill. Jan. 25, 2002) (citing *Follett Coll. Stores Corp. v. Fernandez*, 587 F. Supp. 1051 (N.D.Ill.1984) ("Where there is a dispute as to whether general or specific venue provisions apply, the case may be transferred to the district where venue cannot be questioned.") (citations omitted)). Thus, transfer to the Northern District of Indiana is warranted.

3

Further, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). On a motion pursuant to § 1404(a), the movant has the burden to establish that "(1) venue is proper in both the transferor and transferee court; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer is in the interests of justice." *Clear Lam Packaging, Inc. v. Rock-Tenn Co.*, No. 02 C 7491, 2003 WL 22012203, at *3 (N.D. Ill. Aug. 22, 2003). "Deciding whether to transfer a case requires 'flexible and individualized analysis' based on the circumstances of a particular case." *Hutchinson v. Fitzgerald Equip. Co.*, No. 1:15-CV-06521, 2016 WL 878265, at *4 (N.D. Ill. Mar. 8, 2016) (quoting *Research Automation, Inc. v. Schrader–Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010) (internal citations omitted)).

Venue is proper in the Northern District of Indiana and the Court assumes for purposes of resolving this portion of Local 395's motion that venue is proper here. When determining whether a transferee forum is clearly more convenient the court considers: "(1) the plaintiff's choice of forum; (2) the convenience to parties; and (3) the convenience to witnesses." *Frazer Consultants, LLC v. Bass-Mollett Publishers, Inc.*, No. 15-CV-558-WMC, 2016 WL 1029565, at *1 (W.D. Wis. Mar. 15, 2016) (citation omitted). "Unless balance is strongly in Defendant's favor, Plaintiff's choice of forum should rarely be disturbed." *Id*. at *2 (citation omitted). Most of the plaintiffs reside in the instant district and this is obviously their choice of forum. Nevertheless, the Court finds that consideration of the other relevant factors favors transfer. *Howze v. United States*, No. 14-CV-10275, 2015 WL 9315542, at *2 (N.D. Ill. Dec. 23, 2015) ("In a situation where there is a weak relationship between the operative facts and the plaintiff's chosen forum, the plaintiff's choice becomes 'only one of the many factors the court considers.'") (citation omitted).

As already noted above, all of the events underlying Plaintiffs' twenty claims occurred in Indiana; thus, Indiana has a much stronger connection to the instant case than Illinois. Further, Indiana law would apply to most of Plaintiff's claims. Illinois applies the "most significant contacts" test to choice-of-law disputes. *Auto–Owners Ins. Co. v. Websolv Computing, Inc.*, 580 F.3d 543, 547 (7th Cir. 2009). This test "involves balancing a number of factors, including the place where the injury occurred; the place where the conduct causing the injury occurred; the domicile or place of business of each party; and the place where the relationship between the parties is centered." *Ennenga v. Starns*, 677 F.3d 766, 774 (7th Cir. 2012) (citation omitted). Pursuant to these factors, if the case were to proceed in this Court, it would be applying Indiana law to Plaintiffs' state law claims, which constitute nineteen of the twenty claims alleged. Local 395 notes that Illinois and Indiana law differ in terms of comparative fault and joint and several liability with respect to the torts at issue. In this case, Indiana courts are more familiar with applying Indiana law, particularly given the differences in certain of the relevant tort law principles.

To the extent that Plaintiffs' medical records are located in Illinois, "the Seventh Circuit [has] . . . held that modern technology renders the location of documents and other sources of proof only minimally important in the transfer analysis." *Total Admin. Servs. Corp. v. Pipe Fitters Union Local No. 120 Ins. Fund*, 131 F. Supp. 3d 841, 847 (W.D. Wis. 2015). While Plaintiffs reference the location of counsels' offices, convenience to counsel is not an appropriate consideration in the transfer analysis. *Dutch Valley Growers, Inc. v. Rietveld*, No. 15 C 10667,

2016 WL 1007046, at *5 (N.D. Ill. Mar. 15, 2016) ("[L]ocation of counsel is generally of no moment in the venue calculus."). Regarding the convenience of the parties, because transfer favors Defendants while proceeding in this district favors Plaintiffs, this factor is neutral.

"'The convenience of the witnesses is often the most important factor in determining whether to grant a motion to transfer.'" *Howze*, 2015 WL 9315542, at *3 (citation omitted). Plaintiffs do not name any particular witnesses other than themselves and "medical witnesses," who are in Illinois. But Plaintiffs do not name the medical providers or even indicate the number of such witnesses whose testimony would be required. Presumably these witnesses would provide only testimony going to damages, rather than liability. Defendants note, however, that they will likely need to depose and/or call at trial the following witnesses: (1) Business Department officials for the Town of Dyer, Indiana who will provide information as to whether plaintiff D5 Construction was licensed to do business in Indiana and carried workers' compensation insurance under Indiana law, which go to the issues of damages; (2) two electricians from an Indiana company who were witnesses to the alleged attacks; (3) Town of Dyer, Indiana police officers who responded to the call regarding the January 7, 2016 attack and interviewed witnesses; (4) three individuals from Dyer Baptist Church, the owner of the relevant jobsite, who defendant Williamson, Sr. spoke with regarding the work being performed by D5 Construction, which was not a signatory to a collective bargaining agreement with Local 395, and (5) the treating physician from Saint Margaret Mary Mercy Hospital in Dyer, Indiana, who treated plaintiff Scott Kudingo. Given that these individuals are all non-party witnesses, and Plaintiffs failed to specify their witnesses, this factor favors transfer to a venue more convenient to Defendants' named witnesses, who will primarily provide testimony with respect to liability regarding the incident at issue.

Because civil cases filed in the Northern District of Indiana take several months longer than in this district from filing to disposition (17 months versus 12 months) and from filing to trial (44 months versus 33 months), this factor does not weigh in favor of transfer. Nevertheless, "speed alone would be insufficient to overcome a motion to transfer if other factors showed that another venue is clearly more convenient." *Leggett & Platt, Inc. v. Lozier, Inc.*, No. 04-cv-932, 2005 WL 1168360, at *2 (W.D. Wis. May 17, 2005). After considering all of the factors under § 1404 discussed above, the Court finds that transfer to the Northern District of Indiana is appropriate and directs the Clerk to transfer the case to that court.

The Court notes that if venue in this district were determined to be improper, the Court could dismiss the case or transfer it to any district in which it could have been brought. *See* 28 U.S.C. § 1406. Courts in this district have "broad discretion" to order a transfer of a case. *See Continental Ins. C. v. M/V Orsula,* 354 F.3d 603, 608 (7th Cir. 2003). Defendants reside in Indiana and all of the events underlying Plaintiffs' claims took place in Indiana. Therefore, the Court, if venue were determined to be improper, would exercise its discretion under 28 U.S.C. § 1406, and find that in the interest of justice a transfer—rather than a dismissal—is more appropriate, and would transfer this case in its entirety to the United States District Court for the Northern District of Indiana.

**Date**: May 11, 2016

_____
**Ronald A. Guzmán**
**United States District Judge**