# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| D5 IRONWORKS, INC., et al., ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | Cause No. 2:16-CV-200-JD-PRC |
| ) | |
| LOCAL 395 IRONWORKERS, AFL-CIO, ) | |
| et al., ) | |
|     Defendants. ) | |

## OPINION AND ORDER

This matter is before the Court on a Defendants Joint Motion to Strike Allegations in Plaintiffs' Amended Complaint [DE 71] filed by Defendants Ironworkers Local 395, AFL-CIO and Thomas Williamson, Sr. on February 10, 2017. Plaintiffs filed a response on February 27, 2017. Defendants did not file a reply, and the time in which to do so has passed.

On January 30, 2017, Plaintiffs filed a motion titled "Unopposed Motion for Leave to File an Amended Complaint Instanter." On January 31, 2017, the Court granted that motion, noting the agreement of the parties. Plaintiffs filed the Amended Complaint on February 3, 2017.

Defendants filed the instant motion on February 10, 2017, seeking to have stricken certain allegations in the Amended Complaint. On February 17, 2017, Defendants filed Answers to the Amended Complaint.

## ANALYSIS

Defendants indicate that they bring their motion under Federal Rule of Civil Procedure 12(f). Rule 12(f) provides that the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are generally disfavored because such motions often only delay the proceedings. *See Heller Fin.. Inc. v. Midwhey Powder Co.*, Inc., 883 F.2d 1286, 1294 (7th Cir. 1989); *see also Sarkis' Cafe, Inc.*

*v. Sarks in the Park, LLC*, 55 F. Supp. 3d 1034, 1039 (N.D. Ill. 2014). However, if the motion seeks to remove unnecessary clutter from the case, then the motion serves to expedite, not delay, the proceedings. *Sarkis' Cafe, Inc.*, 55 F. Supp. 3d at 1039. Nevertheless, "mere redundancy or immateriality is not enough to trigger the drastic measure of striking the pleading or parts thereof; in addition, the pleading must be prejudicial to the defendant." *Hardin v. Am. Elec. Power*, 188 F.R.D. 509, 511 (S.D. Ind. 1999).

Because motions to strike are disfavored, a court ordinarily will not strike a matter unless it can confidently conclude that the portion of the pleading the motion addresses has "no possible relation to the controversy and is clearly prejudicial." *Volling v. Antioch Rescue Squad*, 999 F. Supp. 2d 991, 1007 (N.D. Ill. 2013) (internal quotation marks omitted); *see also Anderson v. Bd. of Educ. of Chi.*, 169 F. Supp. 2d 864, 867-68 (N.D. Ill. 2001). The moving party on a motion to strike has "the burden of demonstrating that the challenged allegations are so unrelated to plaintiff's claim as to be devoid of merit, unworthy of consideration and unduly prejudicial." *All Am. Ins. Co. v. Broeren Russo Const., Inc.*, 112 F. Supp. 2d 723, 729 (C.D. Ill. 2000) (quoting *Vakharia v. Little Co. of Mary Hosp. & Health Care Ctr.*, 2 F. Supp. 2d 1028, 1033 (N.D. Ill. 1998)); *see also Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 821 (7th Cir. 2001) (advising against "moving to strike extraneous matter unless its presence in the complaint is actually prejudicial to the defense").

Defendants argue that allegations new to the Amended Complaint should be stricken because the allegations were not authorized by the Court. Defendants assert that, because Plaintiffs' motion only requested leave to amend the complaint to name new defendants and remove another defendant, other alterations made to the Complaint are unauthorized. Defendants also indicate that, when seeking Defendants' agreement to the Motion for Leave to Amend, Plaintiffs only indicated that they

2

would change the named defendants in the Amended Complaint. However, Defendants do not argue that they are prejudiced by the Amended Complaint. Though Defendants allude to having some difficulty in appropriately answering the Amended Complaint, Defendants filed their Answers on February 17, 2017. Thus, Defendants have not shown themselves to be prejudiced by any allegations in the Amended Complaint and have not met their burden under Rule 12(f).

Further, Defendants are incorrect in their assertion that the new allegations in the Amended Complaint are unauthorized. Plaintiffs attached their proposed Amended Complaint as an attachment to their Motion for Leave to Amend, and, in the Motion itself, Plaintiffs asked for leave to file the Amended Complaint that was attached to the Motion. Plaintiffs only highlighted the changes to the named parties in the body of the Motion, but that does not render the other changes unauthorized by the Court. Plaintiffs sought and received the Court's leave to file the specific Amended Complaint that was filed.

More troubling is Defendants' assertion that Plaintiffs misrepresented the content of the proposed amended complaint to Defendants when seeking Defendants' agreement to the Motion for Leave to Amend. As indicated above, the Court noted Defendants' agreement to the Motion for Leave to Amend in ruling on that motion. However, Defendants have not raised in their instant motion any reason that would have justified not granting the Motion for Leave to Amend, and Federal Rule of Civil Procedure 15(a)(2) provides that courts "should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2).

The only argument raised was that the Amended Complaint was filed without the Court's leave. The Court's leave was sought and received. Further, Defendants have failed to show that they are prejudiced by the allegations that they seek to have stricken from the Amended Complaint.

3

## CONCLUSION

Based on the foregoing, the Court hereby **DENIES** Defendants Joint Motion to Strike Allegations in Plaintiffs' Amended Complaint [DE 71].

SO ORDERED this 22nd day of March, 2017.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT
