**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | |
|---|---|
| D5 IRONWORKS, INC., *et al.*, ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Cause No. 2:16-CV-200-JVB-PRC |
| ) | |
| LOCAL 395 IRONWORKERS, AFL-CIO, ) | |
| *et al.*, ) | |
| Defendants. ) | |

## OPINION AND ORDER

This matter is before the Court on Defendant Local 395's Motion to Compel D5 Iron Works, Inc.'s and Richard Lindner's Compliance with Local 395's Amended Second Set of Interrogatories and Amended Document Request [DE 126], filed on July 18, 2017. Plaintiffs D5 Iron Works, Inc. ("D5") and Richard Lindner filed a response on July 31, 2017. Defendant Local 395 Ironworkers, AFL-CIO ("the Union") filed a reply on August 3, 2017. In the motion, the Union asks the Court to compel D5 and Lindner to provide answers to the Union's Amended Second Set of Interrogatories and to respond to the Amended Document Request.

### A. Interrogatories

On April 10, 2017, the Union served its Second Set of Interrogatories on D5 and Lindner. The Second Set of Interrogatories included the following definition:

> The First Amended Complaint relates allegations of an incident occurring on January 6, 2016 at 232 1st Street, Dyer, IN (¶¶ 15-31). Unless otherwise stated in these Interrogatories all inquires [sic] that relate to this incident will refer to those allegations as the "January 6th Incident."

(Mot. Ex. 1 ¶ 12, ECF No. 126-1). In the Amended Complaint, paragraphs 15 through 17 allege events that occurred on January 6, 2016, and paragraphs 18 through 31 allege events that occurred on January 7, 2016.

The Union contends that D5's and Lindner's answers to Interrogatory Nos. 1 through 6 are incomplete because they address only the events of January 6, 2016, and not the events of January 7, 2016. The Union represents that it learned that the answers only addressed the one day's events on June 21, 2017, at the deposition of Lindner. Plaintiffs' counsel indicated that the answers were complete to the interrogatories as asked and that the answers would not be supplemented to include answers responsive to alleged events of January 7, 2016. Later on June 21, 2017, the Union served its Amended Second Set of Interrogatories on D5 and Lindner. By operation of Federal Rule of Civil Procedure 33(b)(2), the due date for the answers to the interrogatories was July 21, 2017. The fact discovery deadline was July 17, 2017. The Union did not move for an extension of the fact discovery deadline.

The Union argues that D5 and Lindner should be compelled to answer the interrogatories as to the events of January 7, 2016, because the definition of "January 6th Incident" cites to paragraphs of the Amended Complaint that include allegations of events occurring on January 7, 2016. This argument is unpersuasive. The definition delineates the scope of the "January 6th Incident" as "occurring on January 6th, 2016." The cited paragraphs from the Amended Complaint include allegations of events occurring on January 6th, 2016. The Second Set of Interrogatories, before their amendment, did not require D5 and Lindner to provide answers regarding the alleged events of January 7, 2016.

The Union next argues that D5 and Lindner should be compelled to answer the Amended Second Set of Interrogatories, which altered the definition quoted above to include the alleged events of January 7, 2016. However, the case law on this point is clear: "any requests for discovery must be made in sufficient time to allow the opposing party to respond before the termination of

discovery." *N. Ind. Pub. Servs. Co. v. Colo. Westmoreland, Inc.*, 112 F.R.D. 423, 424 (N.D. Ind. 1986). As noted above, the Union did not ask for an extension of the fact discovery deadline. The amended interrogatories were served with insufficient time for a response before the deadline, and the Union's request for the Court to compel answers to the amended interrogatories is denied.

### B. Document Request

After the deposition of Lindner on June 21, 2017, the Union's counsel emailed Plaintiffs' counsel to request supplemental documents in light of the deposition. Plaintiffs' counsel indicated that a formal discovery request was required. The Union served an initial document request on June 22, 2017, and its Amended Document Request on June 26, 2017. By operation of Federal Rule of Civil Procedure 34, the due date for production of the documents was July 26, 2017, which was after the close of fact discovery on July 17, 2017. The Amended Document Request, like the Amended Second Set of Interrogatories, is untimely because it was not served with sufficient time remaining for a response before the close of discovery., The request for an order compelling responses to the Amended Document Request is denied.

The Union contends that the requested documents should have been produced pursuant to previous document requests. However, the Union's remedy for any failure by D5 and Lindner to produce documents responsive to previous requests does not lie in filing a motion to compel based on an untimely discovery request. This Opinion and Order only addresses the request to compel answers to the Amended Second Set of Interrogatories served on June 21, 2017, and the Amended Document Request served on June 26, 2017.

### CONCLUSION

Based on the foregoing, the Court hereby **DENIES** the Defendant Local 395's Motion to

Compel D5 Iron Works, Inc.'s and Richard Lindner's Compliance with Local 395's Amended Second Set of Interrogatories and Amended Document Request [DE 126]. The Court **ORDERS** that no further responses need to be made by D5 and Lindner to the Amended Second Set of Interrogatories served on June 21, 2017, and the Amended Document Request served on June 26, 2017.

Further, pursuant to Federal Rule of Civil Procedure 37(a)(5)(B), the Court hereby **ORDERS** that the Union shall have until **October 19, 2017**, to **FILE** any objection it has to an award to D5 and Lindner of reasonable expenses, including attorney's fees, incurred in opposing this motion. If an objection is filed, D5 and Lindner may file a response by **October 26, 2017**.

So ORDERED this 5th day of October, 2017.

s/ Paul R. Cherry  
MAGISTRATE JUDGE PAUL R. CHERRY  
UNITED STATES DISTRICT COURT
