IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| D5 IRONWORKS, INC., RICHARD LINDNER, SCOTT KUDINGO, BILL TONNESEN, JOE WEIL, AND HARRY HARPER, | )<br>)<br>)<br>) |
| | ) Hon. John S. Van Bokkelen |
| Plaintiffs, | ) |
| | ) |
| v. | ) NO.: 2:16-CV-200 |
| | ) |
| LOCAL 395 IRONWORKERS, AFL-CIO, THOMAS WILLIAMSON, SR., THOMAS WILLIAMSON, JR., AND KNOWN AND | ) JURY TRIAL REQUESTED<br>)<br>) Magistrate Paul R. Cherry |
| | ) |
| Defendants. | ) |

# PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS LOCAL 395'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNT XIX (RIGHT TO WORK)

Robert T. Hanlon (ARDC # 6286331)
Law Offices of Robert T. Hanlon & Assoc., P.C.
14212 Washington Street, #200
Woodstock, Illinois 60098

Michael E. Avakian (*Pro Hac Vice*)
The Avakian Law Firm
1200 G Street NW, Suite 800
Washington, DC  20005
(202) 540-9704

Attorneys for Plaintiffs

July 30, 2018

Defendant Union seeks judgment on Count XIX, which Defendant Williamson joins. Because there are material issues of fact to be tried on liability and damages, Defendants' motions for partial summary judgment on Count XIX (the Right to Work) in the First Amended Complaint ("FAC"), must be denied.

## PLAINTIFFS' OBJECTION TO MULTIPLE MOTIONS

The current Motion is Defendants' second motion for summary judgment which cannot be allowed. Rule 56 requires a single motion for summary judgment unless leave of court is granted. Local Rule 56-1(a) & (b) refer to "a" motion and "the motion" in a single document. Local Rule 7-1 Motion Practice, limits motions to 25 pages in "a brief."

The "one summary judgment motion per party" rule is intended to conserve judicial resources and forestall potential abuse. McCabe v. Bailey 2008 WL 1818527 *1 (N.D. Ia. Apr. 4, 2008). This avoids piecemeal and successive motions. Siemons Westinghouse Power Corp. v. Dick Corp., 219 F.R.D. 552, 554 (S.D.N.Y. 2004) (disapproving "piecemeal consideration of successive motions for summary judgment").

Defendants require the Court and Plaintiffs to chase after snippets of evidence across their two filings rather than submit an integrated document. While this common sense rule is not explicit in this District, the failure to follow this rule has only served to complicate the record.

## I. INTRODUCTION

A.   Nature of the Case.

This case presents violations of federal labor law and state law claims resulting from a violent attack upon Plaintiffs on January 7, 2016, in Dyer, Indiana. A Statement of Genuine Disputes, infra, is relied upon with supporting evidence.

B.   Summary of Undisputed Facts and Claims.

Plaintiff D5 is a structural steel fabricator and erector operating out of Woodstock, Illinois. Plaintiff Richard Lindner is the owner of D5. Plaintiffs Scott Kudingo, Bill Tonnesen, Joe Weil, and Harry Harper are employees of D5. Joe Weil, former Plaintiff, is deceased.

Plaintiff D5 was established in 2000 and at all relevant times employed 18-20 workers. Lindner 30:4-5.[1] It operates in several states, including Illinois, Indiana, and Wisconsin. D5's workers are not represented by Local 395. Lindner 239.

Plaintiff D5 owns heavy machinery to load and offload steel beams, including cranes, forklifts, and manlifts. Lindner 29.

Defendant Local 395 is a labor organization within the meaning of 29 U.S.C. §152(5). Local 395 Amended Answer ¶11, CM/ECF No. 75. Defendant Veach is Local 395's President and Business Manager. Local 395 Amended Answer ¶13; Veach Answer ¶13, CM/ECF No. 101.

## STATEMENT OF GENUINE ISSUES FOR TRIAL

1. Whether Defendant Union and its Agents Intended to Force the Individual Plaintiffs Into Membership.

On January 6, 2016, and the morning of January 7, 2016, Defendant Williamson as business agent for Defendant Local 395, approached Plaintiff Lindner and requested that D5 sign a union agreement to continue to work. Plaintiff Tonnesen was told on January 6, that "you're not supposed to be here. This is our area. This is our work." Tonnesen 40:14-16. Plaintiff Kudingo was asked by Williamson if he was in the union and a union member. Kudingo 31:11-12; 33:17-18; 104:3.

On both occasions, Plaintiff Lindner declined Williamson's offer to sign a union contract (with the condition of union membership and worker dues payment). At the end of the second

---

[1]Transcript references are by deponent's name, page:line or exhibit number.

encounter, Williamson promised to resolve the dispute "old school."  Harper 56:21-23.

About 3:00 p.m., January 7, 2016, about five cars arrived together in the Church parking lot.  Atkinson 28:17; 33:13; 99:2.  The men got out of their cars in unison and walked briskly into the jobsite, Atkinson 28:22-24, where they assaulted Plaintiffs.  They beat them and chased Plaintiffs off the job site, all the while demanding "This is Union Work!", "This is 395's Work!", "This is 395's Territory", "Don't Come Back!", "Scab Mother Fucker."  Kudingo 74; Lindner 66:12-14; Harper 50:15-17; Tonnesen 77:17-18.

Defendant Williamson and Defendant Veach were identified in the group of men.  The union owned vehicles each agent was assigned to was photographed exiting the Church parking lot after the assault.  Tonnesen 52:10-12.; 85:3 ("every car").

2. Whether Defendant Union and it Agents Demanded the Individual Plaintiffs Become Union Members to Work on the Dyer Baptist Church Project.

On January 6, Williamson solicited Scott Kudingo to sign a union card.  Kudingo 29:10-13.  The assault Team screamed "this is 395's territory," delivered their ultimatum that union membership is required to work in Dyer.  Kudingo 74:14.

Plaintiffs Harper, Lindner, and Tonnesen heard the assault team issue their directives.  Lindner 66:12-14; Harper 50:15-17; Tonnesen 77:17-18.

The Union admits there was an "altercation."  Mem. 1.  All these factual disputes remain for the jury.

## II.  ARGUMENT

### A.  STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. Proc. 56(a); 520 South Mich. Ave. Assoc., Ltd v. Unite Here Local 1, 760 F.3d 708, 718

3

(7th Cir. 2014).  Where the evidentiary matter does not establish a genuine issue of fact, the motion must be denied.  Advisory Comm. Note 163A to Rule 56.

In ruling on a summary judgment motion the court accepts as true the non-moving party's evidence, draws all legitimate inferences in favor of the non-moving party, and does not weigh the evidence or the credibility of witnesses.  Anderson v. Liberty Lobby, 477 U.S. 242, 249-251 (1986).  The court will assume the facts claimed and supported in the moving party's evidence are admitted, except to the extent that such facts are controverted in the "Statement of Genuine Issues" filed in opposition to the motion.  Local Rule 56.1.  The "burden on the non-moving party is not a heavy one."  Wright & Miller, Fed. Pract. & Proc. §2727.2 at 501 (2016).

A disputed issue is "genuine" where a reasonable jury could render a verdict for the non-moving party "'if the record at trial were identical to the record compiled in the summary judgment proceeding.'"  CSX Transp., Inc. v. Chi. and NW. Transp. Co., Inc., 62 F.3d 185, 188 (7th Cir.1995) (quoting Russell v. Acme–Evans Co., 51 F.3d 64, 70 (7th Cir.1995)).  520 South Mich. Ave. Assoc., supra at 718.  The Court may also grant summary judgment to the non-moving party.  Hotel 7 Mezz Lander v. Nat'l Retirement Fund, 778 F.2d 593, 6013 (7th Cir. 2015).

    **B.**    **PLAINTIFFS ARE ENTITLED TO THE BENEFIT OF INDIANA'S RIGHT TO WORK LAW.**

The State of Indiana chose as its policy to allow workers the full freedom of choice in selecting membership and paying dues to a labor organization.  Indiana Code Section 22-6-6-8 establishes "certain practices as condition of employment forbidden."  It states "A person may not require an individual to: (1) become or remain a member of a labor organization."

The statute applies to both an "employee" and an "employer."  Section 22-6-6-1(2).  An employer is any person employing a least one person.  Section 22-6-6-4.  A "person" includes a

4

"firm," "corporation," or "labor organization."  Section 22-6-6-6.

Indiana law imposes liability in two distinct circumstances.  First, through prohibited practices.  Second, with illegal contractual provisions.

IC Section 22-6-6-8 states:

IC Sec. 8. A person may not require an individual to:
(1) become or remain a member of a labor organization;
(2) pay dues, fees, assessments, or other charges of any kind or amount to a labor organization; or
(3) pay to a charity or third party an amount that is equivalent to or a pro rata part of dues, fees, assessments, or other charges required of members of a labor organization;
as a condition of employment or continuation of employment.

IC Section 22-6-6-9 is entitled "Void contracts, agreements, understanding, or practices."  It states:

Sec. 9. A contract, agreement, understanding, or practice, written or oral, express or implied, between:
(1) a labor organization; and
(2) an employer;
that violates section 8 of this chapter is unlawful and void.

Count XIX of the FAC relies on IC 22-6-6-8.  The allegations state facts showing certain practices are prohibited, especially violence intended to interfere with employee choice.  Para. 150.  The Union's tortious conduct interfered with the Plaintiffs' "right to choose not to become a member of Local 395."  Para. 151.

Moreover, Indiana Code section 22–6–6–12, provides:

(a) If an individual suffers an injury:
    (1) as the result of any act or practice that violates this chapter; or
    (2) from a threatened violation of this chapter;
the individual may bring a civil action.

5

### C. THE UNION'S ARGUMENT THAT PHYSICAL VIOLENCE IS NEITHER RETALIATION NOR IN FURTHERANCE OF UNION MEMBERSHIP IS WITHOUT MERIT.

The Union's primary argument is there is no statutory coverage because there is no union contract or union security agreement requiring union membership. Mem. 7. With this purported underpinning, Local 395 asserts the FAC does not allege Plaintiffs were required to become members of Local 395 or pay dues. Mem. 8. But, that conclusion is neither what the statute protects nor what Plaintiffs pled. Rather, Local 395 argues protection from liability arising out of a claim not made.

Local 395 deliberately overlooks FAC ¶150 which alleges defendants "intentional interference with the lawful right of "Plaintiffs" "choice not to become members of DEFENDANT Local 395's labor organization...." The right to choose not to become a union member is the exercise of freedom from the union's militant effort to "require" Plaintiffs "become or remain a member of a labor organization" "as a condition of employment or continuation of employment." IC 22-6-6-8.

Williamson stated to Kudingo, Lindner, and Tonnesen that one needed to be a member of Local 395 to work. The statements are undisputed. Each Plaintiff is an "employee" under the statutory definition. The Union does not dispute this and their Motion is silent regarding their own dispute about its own agents' intent.[2]

A plain reading of the statute does not require the interpretation of any term under the

---

[2] Local 395 submits the Declaration of Ronald T. Ware who makes the conclusory statement the Union has never required an employee of D5 to become a union member as a condition for continuing to work. Notably, he does not state the basis for his claimed fact or deny that Union President Veach or Business Agent Williamson were authorized or permitted to make these statements and did so. Plaintiffs have testified without contradiction that the two men and other union members did act to compel these terms—creating a potential dispute of fact for trial.

National Labor Relations Act because the matter at hand deals with membership. "The plain language of the [Right to Work] Act, however, is not limited to the use of union security provisions like the Clause but, instead, covers all employer-union acts that compel union membership, i.e., "any act or practice that violates [the Act.]"  Warner v. Chauffeurs, Teamsters, and Helpers Local Union No. 414, 73 N.E.3d 190, 196 (Ct. App. 2017).[3]  Even if the statute did not cover membership issues, the violence committed against Plaintiffs lifts any preemptive effect federal law might allow.[4]

First, it is well known the LMRA does not condone "union coercion" or "other violence." Sen. Rep. No. 105, 80th Cong. 1st Sess. quoted in United Constr. Wrkrs. v. Laburnum Constr. Corp., 347 U.S. 656 (1957) (union "goonsquad tactics" are denounced).  "Nothing in the federal labor statutes protects or immunized from state action violence or the threat of violence in a labor dispute." Farmer v. United Bhd. of Carpenters, Local 25, 430 U.S. 290. 299 (1977); UAW v. Russell, 356 U.S. 634, 638 (1957) (no preemption of state torts where violence occurs).

UMW v. Gibbs, 383 U.S. 715, 729 (1966), establishes the Supreme "Court has consistently recognized the right of states to deal with violence and threats of violence appearing in labor disputes, sustaining a variety of remedial measures against the contention that state law was preempted by the passage of federal labor legislation."

Plaintiffs "Right to Work" claim is not preempted because it is based on violence.  Local

---

[3]This case does not require any interpretation on terms of the payment of dues.

[4]In Sweeney v. Pence, 767 F.3d 654 (7th Cir. 2014), the Court fully upheld Indiana's Right to Work law against a variety of constitutional and statutory claims, stating: "The statutory question posed is whether Indiana's new law is preempted by federal labor law, or threatens the Union's First Amendment rights. The answer is an emphatic no." Since there is no federal preemption by NLRB jurisdiction, cases such as Kaiser Steel Corp. v. Mullins, 455 U.S. 72 (1982), an antitrust case, are inapplicable.

20, Teamsters v. Morton, 377 U.S. 252 (1964).  The Court has expressly found no preemption for threats of violence in Construction Workers v. Laburnun Construction Corp., 347 U.S. 656; violence in Youngdahl v. Rainfair, Inc., 355 U.S. 131 and Automobile Workers v. Russell, 356 U.S. 634 (1958); libel in Linn v. United Plant Guard Workers, 383 U.S. 53,63 (1966) (reaffirming vitality of state jurisdiction of tortious conduct under UAW v. Russell); and intentional infliction of emotional distress in Farmer v. Carpenters, 430 U.S. 290 (1977).  In the instant case, the testimony of record reveals that agents of Local 395 assaulted Plaintiffs, threatened D5, and violently pummeled its employees—the Plaintiffs, because of their failure to become members of the Union by working in Local 395's territory.  Defendants have no defense.

Defendants are liable for their violent acts to compel membership.  Printpack, Inc. v. Graphic Comm. Union Local 761-S, 988 F. Supp. 1201, 1206 (N.D. Ind. 1997), citing Mi-Jack Prods. V. Operating Engrs. Local 150, 1995 WL 42066 *3 (N.D. Ill. 1995).  Merit Steel Co., Inc. v. Iron Workers, Local 395, 684 F. Supp. 1007, 1009 (N.D. Ind. 1988) (damages and injunctive relief available for violent union activity).

The exception to the type of preemption asserted is so well established by Supreme Court precedent, further argument of the concept need not be belabored.

## D. THE REMAINING ARGUMENTS MUST BE DISMISSED.

The Union's final argument rests on a Louisiana Court of Appeals decision in Johnson v. Electronics Sales & Serv. Co., Inc., 383 So.2d 716 (1978).  Local 395 acknowledges the case is based on a different statute and "is subject to some different interpretation." Mem. 10.  The case is inapplicable because it dealt with an actual union security clause situation that was never reached between Local 395 and D5.  The decision is further inapplicable because the question of "other activities" related to union security agreements that may or not be regulated by federal

8

law is dicta and displaced by the recent ruling in Indiana in <u>Warner</u>, <u>supra</u> at 196.

Section 14(b) of the NLRA, 29 U.S.C. § 164(b), provides:

> Nothing in this Act [subchapter] shall be construed as authorizing the execution or application of agreements requiring membership in a labor organization as a condition of employment in any State or Territory in which such execution or application is prohibited by State or Territorial law.

Indiana's Right to Work law protects the right regarding the requirement of union membership extended to it by Congress to bar activities compelling the entry "membership in a labor organization." If Indiana could not assert jurisdiction in these violent circumstances, the right Congress allowed the States to permit or regulate could not be protected.

## **CONCLUSION**

WHEREFORE, for good cause shown, Plaintiff requests that the Court deny the Union's Motion for Partial Summary Judgment on Count XIX in the FAC, and such further relief as is just and necessary.

Dated: July 30, 2018                              Respectfully submitted,

                                                  <u>/s/ Michael E. Avakian</u>
                                                  One of Plaintiffs' Attorneys


Robert T. Hanlon (ARDC # 6286331)
Law Offices of Robert T. Hanlon & Assoc., P.C.
14212 Washington Street, #200
Woodstock, Illinois 60098

Michael E. Avakian (*Pro Hac Vice*)
The Avakian Law Firm
1200 G Street NW, Suite 800
Washington, DC  20005
(202) 540-9704


Attorneys for Plaintiffs

9

## CERTIFICATE OF SERVICE

I, Michael E. Avakian, hereby certify that on July 30, 2018, I caused a true and correct copy of Plaintiffs' Response to Motion for Summary Judgment to filed electronically in the Court's Case Management/Electronic Filing System and served on the following counsel:

GREGORIO MARCO, LTD.
2 North LaSalle Street, Suite 1650
Chicago, IL 60602
kmasters@gregoriolaw.com

Daniel C. Meenan, Jr.
Kralovec Meenan LLP
53 West Jackson Boulevard, Suite 1102
Chicago, IL 60604
dmeenan@dcmjd.com

Jonathan Halm
aralawfirm@aol.com
ABRAHAMSON, REED & BILSE
200 Russell Street, 5th Floor
Hammond, IN 46320

Kenneth B. Elwood
Christopher Stidham
Rhame & Elwood
3200 Willowcreek Road
Suite A
Portage, IN 46368
kenelwood@elwoodandrhame.com


By: /s/ Michael E. Avakian
   Michael E. Avakian