UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| D5 IRONWORKS, RICHARD LINDER, SCOTT KUDINGO, BILL TONNESON, and HARRY HARPER, <br>　　　　Plaintiffs, <br><br> v. <br><br> LOCAL 395 IRONWORKERS, AFL-CIO, THOMAS WILLIAMSON, SR, JEFFREY VEACH, and KNOWN AND UNKNOWN CO-CONSPIRATORS, <br>　　　　Defendants. | CAUSE NO.: 2:16-CV-200-PPS-JPK |

## OPINION AND ORDER

This matter is before the Court on a Motion for Leave to File an Amended Answer to the Plaintiffs' Amended Complaint [DE 251], filed by Defendant Local 395 Ironworkers ("Local 395"). Local 395 requests leave to file an Amended Answer (attached as Exhibit 1 to the motion), asserting its lack of prior knowledge of the involvement of the two individual Defendants (Thomas Williamson, Sr. and Jeffrey Veach) in the January 2016 assault alleged in Plaintiffs' Amended Complaint, which the individual Defendants later admitted in plea agreements to related criminal charges. (ECF No. 251, ¶¶ 3-6). Plaintiffs filed a Response in Opposition to the Motion (ECF No. 253), Local 395 filed a Reply (ECF No. 258), and following Plaintiffs' Motion for Leave to File a Sur-Reply (ECF No. 268), Plaintiffs filed a Sur-Reply (ECF No. 275), and Local 395 filed a Sur-Rebuttal (ECF No. 278). Having considered the parties' filings, the Court now GRANTS Local 395's Motion for Leave to File an Amended Complaint [DE 251] for the following reasons.

### FACTUAL AND PROCEDURAL BACKGROUND

As alleged in Plaintiffs' Amended Complaint, Defendant Local 395 is a labor organization within the meaning of the National Labor Relations Act; and at the time of the events alleged in

the Complaint, Defendants Veach and Williamson were its Business Agents, and Veach was also its President. (*See* Proposed Answer, ECF No. 251, ¶¶ 11-13). Plaintiff D5 Ironworks ("D5") is engaged in the fabrication, erection, and installation of steel products on construction projects in Indiana, Illinois, and Wisconsin, and is not a party to any collective bargaining agreement. (*Id*. at ¶ 5). According to the Complaint, Defendant Williamson visited one of D5's jobsites on the morning of January 6, 2016, and "demanded that D5 execute a labor agreement with Local 395 and employ only members of Local 395," but D5's owner, Plaintiff Jeffrey Lindner, refused and instructed Williamson to leave the jobsite. (*Id*. at ¶¶ 15-17). Williamson then allegedly approached Pastor Atkinson in the offices of the Dyer Baptist Church across the street, which owned the D5 jobsite project, and attempted "to coerce, restrain and convince Pastor Atkinson to replace D5 for a contractor having an agreement with Local 395." (*Id*. at ¶ 17).

When these actions failed to produce a labor agreement, Williamson allegedly returned to the D5 jobsite the next morning; Lindner again instructed him to leave; a verbal disagreement ensued; and Williamson "placed his hands upon the chest of Plaintiff Lindner." (*Id*. at ¶ 18). Following this confrontation, Williamson allegedly left the jobsite warning Lindner that D5's failure to accept a labor agreement would result in Williamson taking things "Old School." (*Id*. at ¶ 20). According to the Complaint, later that day at about 3:00 p.m., approximately twelve men associated with Local 395 then appeared at the D5 jobsite, including Williamson and Veach. (*Id*. at ¶ 21). These men allegedly rushed the jobsite, picked up pieces of wood used for shipping steel located on the jobsite, and physically attacked Plaintiffs Scott Kudingo, Joe Weil, and others on the jobsite. (*Id*. at ¶¶ 23-30). According to the Complaint, this attack lasted until about 3:05 p.m. on January 7, 2016, and involved the men associated with Local 395 clubbing, kicking, and beating Kudingo, Weil, and others, while Lindner scaled a construction fence to call authorities. (*Id*.).

Based on these allegations, Plaintiffs asserted a federal claim under the Labor Management Relations Act (LMRA) against Local 395 (Count I), various physical and emotional state law torts relating to the assaults on D5 workers against all Defendants (Counts III-XVI), various economic state law torts and civil conspiracy against all Defendants (Count II, XVIII-XX), and failure to supervise against Local 395, Williamson, and Veach (Count XVII). (Amended Compl., ECF No. 67). In Answers filed in February and March 2017, Veach and Williamson asserted their Fifth Amendment rights against self-incrimination in response to allegations concerning their appearances at the D5 jobsite in January 2016, in light of various state and federal investigations relating to those events (ECF Nos. 77 and 101, at ¶¶ 15-31), and Local 395 denied sufficient information to form a belief as to the truth of those allegations. (ECF No. 75, ¶¶ 15-31). A year and a half later, in August 2018, Veach and Williamson were each indicted for extortion conspiracy and attempted extortion in violation of the Hobbs Act in connection with the attack on D5 workers on January 7, 2016. (ECF No. 222-1). Then on October 12, 2018, following a request by the government to intervene for purposes of seeking a stay of these proceedings while the criminal case against Veach and Williamson proceeded, the District Judge entered an Order staying this action until resolution of that criminal case. (ECF Nos. 222, 227).

Another fifteen months later in January 2020, Veach and Williamson each pled guilty to one Count of Hobbs Act Extortion Conspiracy. (*See* Case No. 2:18-cr-89, ECF Nos. 80, 82). Each has since been adjudged guilty and sentenced, and the criminal case against them concluded on May 3, 2021. (*Id*. at ECF Nos. 94, 96, 132, 154). After being notified of the conclusion of the criminal proceedings, the presiding District Judge lifted the stay in the instant case on May 17, 2021, and allowed all parties to reinstate any previously pending motions and related briefs after being updated based on intervening events, including Veach and Williamson's plea

agreements. (ECF No. 249). All Defendants then reasserted various previously pending motions (ECF Nos. 256-57, 259-60), and both Plaintiffs and Local 395 filed new motions centered on Veach and Williamson's plea agreements. First, Local 395 filed the instant Motion for Leave to File an Amended Answer. (ECF No. 251). Similar to the denials of knowledge in its previous Answer, this new proposed Answer denies "independent corporate knowledge or information to admit or deny" Plaintiffs' allegations concerning the attack on D5 workers on January 7, 2016. (*See* ECF No. 251-1, ¶¶ 18-31). But in addition to those initial denials, Local 395's proposed Answer adds the following statements concerning Veach and Williamson's plea agreements:

> Answering further Local 395 acknowledges that, despite prior inquiry regarding the alleged events of January 7, 2016, it first was advised as to the personal and individual admissions and the matters stated in the "summary of events" in the plea declarations of Thomas Williamson, Sr. (Williamson) and Jeffrey Veach (Veach) on January 23, 2020. Local 395 denies that any of the conduct acknowledged in that regard was within the scope of any authority afforded them under the Union's Constitution and By Laws or otherwise, or that it was undertaken in any coherent belief that it would further the business interests of or would rationally benefit the Union. The conduct described was clearly unlawful and was never authorized or ratified by Local 395.

(*See* ECF No. 251, ¶¶ 4, 18-31, 55, 59, 64, 71, 77, 80, 82, 84, 90, 92, 116, 120, 124, 128, 132, 137, 140-42, 144).

According to Plaintiffs, these additional assertions regarding Local 395's lack of knowledge and authorization of the conduct admitted in Veach and Williamson's plea agreements introduce a "new theory" that Local 395 "lacked corporate knowledge of the truth," and "Plaintiffs will be severely prejudiced by allowance of amendment as it will require time to respond to the factual components of the new theory and recall various deponents." (ECF No. 253, at 4-5). But while Plaintiffs assert that Local 395's Amended Answer would introduce new issues in the case, Plaintiffs have also filed several motions raising issues based on Veach and Williamson's plea agreements, including: (1) a motion in limine seeking to admit the plea agreements and related

4

convictions and "conclusively establish" related facts (ECF Nos. 261-62); (2) a motion for summary judgment as to Local 395's liability, arguing that the plea agreements "establish" the facts alleged in Plaintiffs' Complaint and "overcome" any denials in Local 395's Answer (ECF Nos. 263, 267); and (3) a motion for sanctions against Local 395 and its counsel, arguing that the plea agreements now demonstrate that Local 395's prior Answers denying knowledge of the attack on D5 workers were not well grounded in fact, and that Local 395 improperly failed to amend its Answer to admit the attack based on the criminal proceedings against Veach and Williamson. (ECF No. 272). Of these motions, only Local 395's request to file an Amended Answer that addresses Veach and Williamson's plea agreements is pending before this Court. For the reasons explained below, that motion is granted, though the Court stresses that this ruling expresses no view regarding, and is without prejudice to any party's arguments concerning, any other motions or issues raised concerning Veach and Williamson's plea agreements or their content.

## ANALYSIS

As Plaintiffs acknowledge, "Rule 15 reflects a liberal attitude towards the amendment of pleadings," and "whether to allow the amendment of a pleading is within the discretion of the court." (ECF No. 253, at 5). Indeed, Rule 15(a) "instructs courts to 'freely give leave when justice so requires.'" *Kreg Therapeutics, Inc. v. VitalGo, Inc.*, 919 F.3d 405, 417 (7th Cir. 2019) (quoting Fed. R. Civ. P. 15(a)). Given this liberal standard, the Seventh Circuit has warned that "district courts should not deny leave absent a 'good reason' – such as futility, undue delay, prejudice, or bad faith." *Id*. (collecting decisions). The Court addresses each of these factors in turn.

I.  **Plaintiffs' Assertions of Undue Delay**

The Court turns first to the issue of delay. As Plaintiffs note, Local 395's request comes nearly three years after Veach and Williamson were indicted and nearly four years after the close

of fact discovery. (P's Response at 2, 6, 14, ECF No. 253). Plaintiffs further argue that Local 395 "could have pled the need to amend its Answer back in 2018 when the Grand Jury Indictment of co-Defendants Veach and Williamson should have raised suspicion that the Union's pleading was problematic." (*Id*. at 8). As Local 395 explains, however, its proposed amendment addresses the facts admitted in Veach and Williamson's plea agreements (not the general allegations in their indictments), which were filed in January 2020 while the case was stayed. (D's Reply at 4, 12, ECF No. 258). As both sides acknowledge, Veach and Williamson asserted their Fifth Amendment rights against self-incrimination prior to that time, and according to Local 395, denied any involvement in the attack on D5 workers through their counsel. (*Id*. at 12; ECF No. 253, at 11). Thus, while Plaintiffs argue that other witnesses had already testified that Veach and Williamson "were perpetrators," Local 395 could not have addressed the specific admissions in Veach and Williamson's plea agreements – admissions that Plaintiffs argue "will hold the Union responsible for the acts of their agents" – before those agreements existed. (*See* ECF No. 251, at 7, 9).

As for the delay following execution of the plea agreements, Local 395 further explains (and Plaintiffs do not dispute) that it "expressed its intention to file this Amended Answer during status calls with the court on March 4, 2020, July 22, 2020 and April 9, 2021," but the stay was continued and remained in place until May 17, 2021. (D's Motion at 3, n.1, ECF No. 251; ECF No. 249).[1] Local 395 then filed the instant motion to amend four days after the stay was lifted. (ECF No. 251). Accordingly, although the Court acknowledges the passage of time from the filing of the plea agreements in January 2020 to the instant motion to amend, it finds no undue delay in failing to address developments in a related criminal case during the period this case was stayed pending those criminal proceedings.

---

[1] The Court also notes that the audio recordings of these hearings confirm Local 395's stated intention to seek to amend its Answer to address the admissions in Veach and Williamson's plea agreements when the stay was lifted.

6

Moreover, as Local 395 further argues (ECF No. 258, at 12), even if it could be faulted for some delay beforehand, Seventh Circuit authority repeatedly stresses that delay alone "is normally an insufficient reason to deny a motion for leave to amend," even if the case is approaching trial. *See Life Plans, Inc. v. Sec. Life of Denver Ins. Co.*, 800 F.3d 343, 358 (7th Cir. 2015) (quoting *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 793 (7th Cir. 2004)); *see also King v. Kramer*, 763 F.3d 635, 640-45 (7th Cir. 2014) (reversing grant of motion in limine precluding amendment of complaint and change of legal theory four weeks before trial: "While we can certainly appreciate why the district court considered delay as a factor in deciding whether a change in legal theory should be allowed, there is no reason why delay should have been the sole factor considered, or the weightiest."). Rather, "delay must be coupled with some other reason, such as prejudice to the defendants." *King*, 763 F.3d at 644 (quoting *George v. Kraft Foods Global, Inc.*, 641 F.3d 786, 789-91 (7th Cir. 2011)); *Life Plans*, 800 F.3d at 358 (quoting *Dubicz*, 377 F.3d at 793). The Court therefore turns to the remaining grounds asserted by Plaintiffs for denial of the instant motion to amend: prejudice, futility, and bad faith and dilatory motive.

## II.     Plaintiffs' Assertions of Prejudice

Plaintiffs contend they will be unduly prejudiced because Local 395's Amended Answer "raises an additional defense of lack of corporate knowledge" of Veach and Williamson's actions, "under a theory it never authorized them to engage in their now admitted conduct." (P's Response at 9, ECF No. 253; P's Sur-Reply at 3, ECF No. 275). According to Plaintiffs, this "new theory" improperly contests Local 395's liability for the acts of its agents under the LMRA and common law agency principles, and "will require expensive and time-consuming discovery in recalling deponents to establish this point and factual substantiation of the defense." (ECF No. 253, at 9-11, 14). Specifically, Plaintiffs assert a need for depositions of Veach and Williamson (who Plaintiffs

claim "can no longer hide behind the 5th Amendment") "in order to ascertain what knowledge they imparted to whom and when." (*Id*. at 9-11). Plaintiffs also suggest such depositions would "require special accommodations," given Veach and Williamson's incarceration. (*Id*. at 12).

Putting aside Plaintiffs' additional argument that this defense is futile (addressed in Part III below), the Court observes that Local 395's denials of knowledge and agency in relation to Veach and Williamson's attack on D5 workers are not altogether new. Both its original Answer filed in August 2016 and its Answer to Plaintiffs' Amended Complaint filed in February 2017 asserted insufficient knowledge or information about the attack on D5 workers; denied any involvement in the attack against Plaintiff Kudingo (and in the later Answer, any involvement in the attacks against Kudingo, Weil, and Harper); denied the attacks were sanctioned or directed by Local 395, or with its authorization, advice, instigation, or encouragement; and further denied that its officers, members, and representatives "acted as agents" as defined in the LMRA, 29 U.S.C. § 152(13). (ECF No. 59, ¶¶ 4, 11, 20-29, 40, 78-79, 81-82, 85, 142-43; ECF No. 75, ¶¶ 4, 11, 21-31, 43, 80-81, 83-84, 87, 137-38).[2] Local 395's knowledge and authorization of the attack was thus a proper subject of discovery long before the instant motion.

What is new are Local 395's denials that the specific conduct admitted in Veach and Williamson's plea agreements "was within the scope of any authority afforded them under the Union's Constitution and By Laws or otherwise, or that it was undertaken in any coherent belief that it would further the business interests of or would rationally benefit the Union." (*E.g.*, ECF No. 251, Exhibit 1, ¶¶ 4, 18-31). But again, those admissions also did not exist when Local 395's last Answer was filed, or when discovery closed in July 2017, so Local 395 could not have

---

[2] 29 U.S.C. § 152(13) states as follows: "In determining whether any person is acting as an 'agent' of another person so as to make such other person responsible for his acts, the question of whether the specific acts performed were actually authorized or subsequently ratified shall not be controlling."

8

addressed them then. Thus, while Local 395's proposed Amended Answer adds to the denials of knowledge and agency asserted in its previous Answers, it does so only in response to information received after those Answers were filed and discovery had closed. Plaintiffs' assertion that Local 395 "has known of the factual bases" for its amended denials since "earlier in the discovery process" (ECF No. 253, at 14) is therefore inaccurate insofar as the proposed amendments relate to admissions in the individual Defendants' plea agreements.

The Court also notes that the plea agreement admissions addressed in Local 395's proposed Amended Answer are already the subject of other motion practice in the case, and thus, the impact of those admissions will be at issue in the case regardless of whether Local 395 is allowed to amend its Answer. As discussed above, Plaintiffs have already moved for summary judgment against Local 395, arguing that Veach and Williamson's plea agreement admissions "establish there is no issue of material fact as to who, what, where, or when the facts occurred as alleged in the First Amended Complaint," and "show the actions of President Veach and Business Agent Williamson were 'acting as a Local 395 business agent at the time of the incident.'" (ECF No. 267, at 10 (quoting ECF No. 267-3, at 36). Plaintiffs' Motion in Limine similarly argues that Veach and Williamson's plea agreements prove that Local 395 "engaged in the conduct complained of." (ECF No. 262, at 9-10). In response to the motion for summary judgment, similar to its proposed Amended Answer, "Local 395 disputes that Veach and Williamson were its agents acting within the scope of their employment or within the scope of their common law agency authority when the attack of January 7, 2016, occurred." (ECF No. 284, at 2). Accordingly, the very dispute of Plaintiffs' agency allegations raised in Local 395's proposed Amended Answer is raised in Plaintiffs' Motion for Summary Judgment and Motion in Limine. While the Court expresses no view regarding the merits of these motions, it also perceives no

prejudice to Plaintiffs by allowing Local 395 to amend its Answer to address an issue that Plaintiffs themselves have raised.

Plaintiffs' arguments of undue burden and delay due to additional discovery required by Local 395's proposed amendment are unpersuasive as well. As discussed above, Local 395's prior Answers had already disputed its involvement in the attack on D5 workers, its authorization of those actions, and that its officers, members, and representatives "acted as agents" as defined in the LMRA. (ECF Nos. 59, 75). Any additional discovery would therefore be limited to Local 395's denials of knowledge and authorization of the conduct admitted in Veach and Williamson's plea agreements. On the current record, the Court is unable to say whether these additional denials (so closely related to those already addressed in discovery) require further inquiry, or even whether such discovery would be available.[3] But even assuming depositions of Veach and Williamson would be required as Plaintiffs now argue (ECF No. 253, at 11-12), such limited discovery would impose no undue burden on the parties, and no burden sufficient to deny leave to amend. *See Life Plans, Inc.*, 800 F.3d at 358 (holding that amendment should have been allowed despite potential for "modest delay" of discovery, since "[t]he purpose of discovery is to refine the case and to prepare it for trial based on a full understanding of the relevant facts"). Likewise, any costs associated with such discovery (*see* P's Sur-Reply at 10, ECF No. 275) must be addressed if and when it is allowed, and only after the parties have met and conferred on that issue.

## III.   Plaintiffs' Assertions of Futility

Plaintiffs next argue that Local 395's proposed amendment raises "an irrelevant defense" of "lack of corporate knowledge," and should therefore be denied as futile. (P's Response at 9,

---

[3] While Plaintiffs argue that depositions of Veach and Williamson are needed because they "can no longer hide behind the 5th Amendment" (ECF No. 253, at 11), it remains to be seen whether such depositions are necessary in light of all discovery previously taken, and whether Veach and Williamson would no longer assert their 5th Amendment rights.

ECF No. 253). According to Plaintiffs, federal labor law (specifically, 29 U.S.C. § 185(e)), "mandates a union to assume all liabilities of its agents whether or not the acts are authorized or ratified." (ECF No. 253, at 9-10).[4] Thus, Plaintiffs argue, Local 395's amended assertions that the conduct admitted in Veach and Williamson's plea agreements "was never authorized or ratified by Local 395" (*e.g.*, ECF No. 251, Exhibit 1, ¶¶ 18-31) "reveal a non-existent defense that is futile to allege." (P's Response at 9-10, ECF No. 253).

When assessing the futility of a proposed amendment, the Court "considers the legal sufficiency of the defense, not the merits." *Brown v. Bureaus Inv. Grp. Portfolio No. 15 LLC*, No. 4:19-cv-38, 2021 WL 1230079, at *2 (N.D. Ind. Apr. 1, 2021); *Ellmann v. Amsted Rail Co., Inc.*, No. 2:17-CV-361, 2018 WL 1725494, at *2 (N.D. Ind. Apr. 9, 2018) (same). Such legal sufficiency is therefore determined from the face of the proposed pleading. *See O'Boyle v. Real Time Resolutions, Inc.*, 910 F.3d 338, 347 (7th Cir. 2018) ("Unless it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted, the district court should grant leave to amend" (quoting *Barry Aviation v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004)). "If the proposed amendment is not clearly futile, denying leave to amend on this ground would be improper." *Ellman*, 2018 WL 1725494, at *2 (citing 6 Wright and Miller, *Federal Practice & Procedure* § 1487, 637-42 (2d ed. 1990) (if the proposed defense "is insufficient on its face," the court may deny leave to amend)). Given this standard, the Court rejects Plaintiffs' futility argument for two reasons.

First, while the LMRA states that a union's lack of authorization or ratification "shall not be controlling" on the issue of agency (*see supra* notes 2 and 4), Local 395's proposed amendment

---

[4] Like § 152(13) (*see supra* note 2), § 185(e) provides that, "in determining whether any person is acting as an 'agent' of another person so as to make such other person responsible for his acts, the question of whether the specific acts performed were actually authorized or subsequently ratified shall not be controlling."

asserts more than lack of authorization and ratification. It also denies that the conduct admitted in Veach and Williamson's plea agreements "was within the scope of any authority afforded them under the Union's Constitution and By Laws or otherwise, or that it was undertaken in any coherent belief that it would further the business interests of or would rationally benefit the Union." (*E.g.*, ECF No. 251, Exhibit 1, ¶¶ 18-31). As Plaintiffs acknowledge, the issue of agency under the LMRA and common law principles requires consideration of whether the agent's actions were "within the scope of his general authority." (P's Sur-Reply at 4-5, ECF No. 275). Local 395's amended denials that the conduct admitted by Veach and Williamson "was within the scope of any authority afforded them under the Union's Constitution and By Laws or otherwise, or that it was undertaken in any coherent belief that it would further the business interests of or would rationally benefit the Union," thus address Plaintiffs' own theory of agency. As such, while the Court expresses no view on the merits of that issue, the defense appears legally sufficient on the face of Local 395's proposed Amended Answer.

Second, Local 395's additional assertions that it lacked knowledge and did not authorize or ratify the conduct admitted in Veach and Williamson's plea agreements (*e.g.*, ECF No. 251, Exhibit 1, ¶¶ 18-31) are also responsive to Plaintiffs' allegations. Wholly apart from Local 395's argument that knowledge and authorization of an agent's independent or wrongful acts are required for vicarious liability (ECF No. 258, at 6-9; ECF No. 278, at 4-5), Plaintiffs' Complaints have consistently alleged (and Local 395 has consistently denied) that the attack on D5 workers "occurred with and at the authorization, sanction, advice, encouragement, and or instigation of Defendants and their officers," and that Local 395 "directed" and "sanctioned" the attack on Plaintiff Kudingo. (ECF No. 59, ¶ 40, 81; ECF No. 75, ¶¶ 43, 83). Plaintiffs' Complaint thus renders Local 395's denials of knowledge and authorization of the attack relevant by alleging that

12

Local 395 authorized, directed, and sanctioned it. Given these allegations, Local 395's proposed amended assertions that it never knew of, authorized, or ratified the specific conduct now admitted in Veach and Williamson's plea agreements are relevant as well.

### IV. Plaintiffs' Assertions of Bad Faith and Dilatory Motive

Finally, Plaintiffs contend that Local 395's proposed amendment should be denied based on alleged bad faith and dilatory motive related to its past and current denials of knowledge of the attack on D5 workers. Specifically, Plaintiffs argue that Local 395's prior denials of knowledge are "beguiled by the fact that its President, Veach, had direct personal knowledge of the event when Local 395 answered the Complaint, the Amended Complaint, and at the time of the 30(b)(6) deposition," during which Local 395's Business Manager, Ronald Ware, also claimed to lack such knowledge. (P's Sur-Reply at 6, ECF No. 275). According to Plaintiffs, Local 395's reliance upon Ware's testimony to claim such lack of knowledge then and now is "willful blindness," and Local 395's corresponding claim that "it first gained knowledge of its officers and members' involvement based solely upon the plea agreements entered January 22, 2020" must be rejected in any event, because "Veach's knowledge is imputed to Local 395, whether or not Veach conveyed his knowledge to Local 395's Business who testified he lacked knowledge." (*Id*. at 6-7). Plaintiffs thus argue that Local 395's past and current denials of prior knowledge of the attack on D5 workers should be rejected because they are factually unfounded and legally precluded. As explained above, however, a court's consideration of a proposed amendment does not focus on the merits, and this Court therefore does not determine the truth or ultimate legal effect of the statements contained therein. See *Ellmann*, 2018 WL 1725494, at *2.

Rather, the issue before this Court is whether the amendment currently proposed is sought in bad faith. See *Kreg*, 919 F.3d at 417 (affirming decision allowing amendment that was not

13

"sought in bad faith"); *see also Member Select Ins. Co. v. Cub Cadet, LLC*, No. 2:16-CV-436, 2017 WL 563161, at *1 (N.D. Ind. Feb. 13, 2017) (leave to amend may be denied "if the amendment is sought in bad faith"). Thus, while Plaintiffs' contentions that Local 395's prior denials were made in bad faith may bear on other motions, they are not for this Court's consideration on the instant motion to amend. *See Cemco Inv'rs, LLC v. United States*, No. 04 C 8211, 2006 WL 8461539, at *2 n.3 (N.D. Ill. May 9, 2006) (alleged pre-litigation bad faith in withholding information responsive to IRS summonses would be more properly addressed in a dispositive motion, rather than motion to amend: "While bad faith by J&G could conceivably be relevant to some sort of estoppel claim by the government, it is difficult to see how it is relevant to the motion for leave to amend."). What matters here is that Plaintiffs have alleged as a factual matter that Local 395 directed and sanctioned the attack on Plaintiff Kudingo and that the attack on D5 workers took place with Local 395's authorization, advice, encouragement, and instigation. (ECF No. 75, ¶¶ 43, 83). Having denied those allegations generally in the past (*id*.), Local 395 now seeks to deny them specifically with respect to the criminal conduct subsequently admitted in Veach and Williamson's plea agreements. (*Id*. at ¶¶ 4, 21-31). The truth of those denials (both past and present), and their legal effect, are for the District Judge and/or jury to decide at the appropriate time, not for this Court on a motion for leave to amend.[5]

Nor does the record before this Court support a finding that Local 395's request to amend is a mere "dilatory tactic," as Plaintiffs further argue. (P's Reply at 12-13, ECF No. 253). As discussed throughout this Opinion, Local 395 has long denied knowledge of the attack on D5

---

[5] In so ruling, this Court expresses no view on Plaintiffs' pending Motion for Sanctions, which argues that Veach and Williamson's plea agreements now demonstrate that the denials in Local 395's prior Answers were not "well grounded in fact" or the product of "reasonable inquiry." (ECF No. 272). Just as this Court does not assess the merits of Local 395's current denials, it also does not address whether its past denials were supported by a reasonable factual basis for purposes of Fed. R. Civ. P. 11 and 28 U.S.C. § 1927. Whether Local 395 possessed information undermining those denials, or willfully disregarded such facts, is for the District Judge to determine at the appropriate time.

14

workers, and that it directed, sanctioned, or authorized that conduct. (ECF No. 59, ¶ 40, 81; ECF No. 75, ¶¶ 43, 83). Thus, while Plaintiffs vigorously dispute those denials, Local 395's current request to make the same denials as to the conduct subsequently admitted by Veach and Williamson represents no late sea change, and is no more dilatory than Plaintiffs' affirmative use of those admissions to demonstrate Local 395's liability sufficient for summary judgment to be granted against it. That Local 395 repeatedly stated between March 2020 and April 2021 an intention to amend its answer to address Veach and Williamson's plea agreements (*see supra* at 6 and note 1) similarly dispels any notion that the current proposed amendment was timed to gain "a strategic advantage" or "throw the litigation into disarray." *See King*, 763 F.3d at 647-48. In short, while the Court acknowledges Plaintiffs' factual and legal arguments against Local 395's denials of knowledge and responsibility for the attack on D5 workers, the liberal standards for amendment require allowing Local 395 to make the same denials as to Veach and Williamson's subsequently admitted conduct, and for the truth and effect of those denials to be determined another day.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Local 395 Ironworkers' Motion for Leave to File an Amended Answer to Plaintiffs' Amended Complaint [DE 251]. Defendant Local 395 Ironworkers shall file its Amended Answer to Plaintiffs' First Amended Complaint (ECF No. 251, at 6-46) as a stand-alone document on the electronic case docket upon receipt of this Opinion and Order.

So ORDERED this 20th day of July, 2021.

                                            s/ Joshua P. Kolar
                                            MAGISTRATE JUDGE JOSHUA P. KOLAR
                                            UNITED STATES DISTRICT COURT