UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| D5 IRON WORKS, INC., et al., | ) |
| Plaintiffs, | ) |
| vs. | ) 2:16CV200-PPS/JPK |
| LOCAL 395 IRONWORKERS, AFL-CIO, et al., | ) |
| Defendants. | ) |

## OPINION AND ORDER

On March 24, 2022, I held a hearing on four pending motions, three of which involved challenges to expert testimony on issues of plaintiff D5 Iron Works' damages. At the hearing, counsel for defendant Williamson, Sr. reminded me that in ruling on his Motion for Partial Summary Judgment in January of this year, I had deferred consideration of his arguments challenging D5's evidence of lost profits and increased workers compensation premiums until I separately addressed the three motions challenging damages experts. [DE 312 at 43.] As the docket reflects, I conditionally granted the motion to exclude expert testimony from D5's insurance broker Kevin Cryer, and granted the motion to exclude expert testimony from D5's accountant Paul Maurin, which mooted the motion to exclude testimony by Local 395's rebuttal expert Michael Pakter.

I have reviewed the briefing of Williamson's motion on the damages issues, and am not persuaded that partial summary judgment excluding any effort by D5 to obtain damages for lost profits or increased workers comp premiums is appropriate.

Williamson argued that D5 "has no admissible evidence" to establish the fact of these types of damages, or of a causal link to the events underlying this litigation. [DE 187 at 23.] To the contrary, the summary judgment record reflects testimony by D5 owner Richard Lindner concerning jobs D5 bid on but could not pursue following the attack because of lack of manpower. [DE 205 at 5.] D5's Chief Operating Officer Jennifer Lindner offered similar testimony. [DE 187 at 11.] Both Richard and Jennifer referred to D5's accountant Paul Maurin and insurance agent Kevin Cryer as having factual information relevant to increased workers comp premiums and D5's financial losses attributable to the events for which defendants have already been found to be liable. [DE 187 at 11.] The motions addressing the now-stale expert opinions of Cryer and Maurin (offering projections of data for which the actual data is by now available) suggest that in their regular work as D5's insurance agent and accountant respectively, Cryer and Maurin may have admissible lay testimony to offer in support of D5's damages requests. Williamson's brief treatment of the issue fails to demonstrate that there is no genuine dispute and that the defendants are entitled to judgment as a matter of law on these elements of D5's potential damages.

      The final pretrial conference is scheduled for April 7 and the trial is on the docket for May 23. The time remaining is short, and the long pendency of the case counsels in favor of pressing on toward disposition. As I explained at the recent hearing, D5 may offer witnesses at trial to testify about relevant historical facts of which they have personal knowledge, and the defense can make use of any contrary deposition testimony for purposes of impeachment. If a defendant objects that the testimony of a

fact witness is straying into opinion, I will consider at that time whether it is permissible as either lay opinion or expert opinion.  The recent consideration of the parties' motions related to D5's damages and its proof of them will have the issues fresh in my mind to address appropriately at trial, where I will have the full context before me to deal with evidentiary disputes and determinations of what issues have been sufficiently supported to be submissible to the jury.

ACCORDINGLY:

Defendant Thomas Williamson, Sr.'s Motion for Partial Summary Judgment [DE 186], joined in by defendant Local 395 [DE 188] and defendant Jeffrey Veach [DE 260], is DENIED as to plaintiff's claims for lost profits and increased workers compensation premiums.

SO ORDERED.

ENTERED: March 25, 2022.

　　　　　　　　　　　　　　　　　　　/s/ Philip P. Simon
　　　　　　　　　　　　　　　　　PHILIP P. SIMON, JUDGE
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT